IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ESTEBAN HUIZAR,<br><br>Defendant. | Case No. CR10-0090<br><br>ORDER FOR PRETRIAL DETENTION |

On the 23rd day of September, 2010, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Daniel Aaron Chatham. The Defendant appeared personally and was represented by his attorney, John Dennis Jacobsen.

### RELEVANT FACTS

On September 14, 2010, Defendant Esteban Huizar was charged by Indictment (docket number 8) with conspiracy to distribute methamphetamine. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on November 15, 2010.

Steven Warner, an officer with the High Risk Unit of the Department of Correctional Services, and assigned to the DEA Task Force, testified regarding the circumstances underlying the instant charge. Defendant came to the attention of law enforcement through an investigation of Salvador Figueora ("Figueora"), a co-defendant in this case.

In late July 2010, a wiretap was placed on Figueora's phone. On August 23, 2010, law enforcement intercepted a call between Figueora and Alexis Rios Munoz ("Munoz"),

1

involving a discussion of the delivery of 10 pounds of msn to Des Moines, Iowa. Law enforcement set up surveillance of Figueora's residence in Des Moines. Figueora and Defendant were observed meeting with Munoz at a Taco John's restaurant. The officers observed Munoz hand a bag to Figueora and Defendant. The officers followed Figueora and Defendant back to Figueora's residence. One hour later, Defendant left Figueora's residence and met Munoz at a casino parking lot. Officers observed an exchange between Defendant and Munoz. Munoz left the casino and headed south out of Des Moines. Law enforcement conducted a traffic stop, and a search of Munoz's vehicle revealed 8 ounces of methamphetamine and three-quarters of an ounce of crack cocaine.

On September 20, 2010, law enforcement executed a search warrant at Defendant's residence in Des Moines. Defendant was arrested and his residence was searched. The officers found a 9 mm handgun in Defendant's residence. Defendant admitted that the gun belonged to him. On the same date, law enforcement executed a search warrant at Figueora's residence in Des Moines. Figueora was arrested and the residence was searched. The officers found 7 to 9 pounds of methamphetamine, $24,000 in cash, and a ledger stating that Figueora paid Defendant $500 per week.

According to the pretrial services report, Defendant is 43 years old. He was born in Mexico, and is a legal resident alien. He immigrated to the United States in 1980. He has lived in California, Texas, and Iowa. He has lived in Iowa for the past seventeen years. Defendant's parents reside in Mexico. Defendant has three siblings living in the United States. Two live in Texas, and one lives in California. Defendant last traveled outside the United States to Mexico in August 2010.

Defendant is currently married. He and his wife have been married for six years. He has no children. Defendant has not been employed for the past 18 months. Prior to being unemployed, Defendant worked for American Fencing in Des Moines.

Defendant suffers from epilepsy, and is prescribed medication for the condition. He has no past or present mental health or emotional concerns. Defendant denies

2

consuming alcohol or using illegal controlled substances. Defendant has no prior criminal record.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with conspiracy to distribute methamphetamine, which is an offense found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety

3

of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in this case, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person

as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id.* See also *United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute methamphetamine. The weight of the evidence against Defendant is strong. A wiretap of Figueora's phone resulted in the interception of a call between Figueora and Munoz, involving a discussion of the delivery of 10 pounds of msn to Des Moines. Law enforcement set up surveillance of Figueora's residence, and observed Figeuora and Defendant meeting with Munoz at a Taco John's restaurant. The officers observed Munoz hand a bag to Figeoora and Defendant. The officers followed Figueora and Defendant back to Figueora's residence. One hour later, Defendant left Figueora's residence and met Munoz at a casino. Officers observed an exchange between Defendant and Munoz. After leaving the casino, law enforcement conducted a traffic stop, and a searched of Munoz's vehicle. The officers found 8 ounces of methamphetamine and three-quarters of an ounce of crack cocaine. During the execution of a search warrant at Figueora's residence, law enforcement found 7 to 9 pounds of methamphetamine, $24,000 in cash, and a ledger stating that Figueora paid Defendant $500 per week. In a search of Defendant's residence, law enforcement found a 9 mm handgun. Defendant admitted that the handgun belonged to him. Defendant has ties to Mexico. Recently, in August 2010, Defendant traveled to

Mexico. If convicted of the offense charged in the Indictment, Defendant faces a mandatory minimum of 10 years in prison. Based on the serious nature and circumstances of the offense, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (September 20, 2010) to the filing of this Ruling (September 23, 2010) shall be excluded in computing the time

within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 23rd day of September, 2010.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA